LANDRY, Judge.
This appeal presents a single question of law, namely, the extent to which a trial court may tax as costs the fee allowed an attorney appointed by the court to advise an unrepresented workmen’s compensation claimant relative to a proposed compromise settlement.
Succinctly stated, the facts are that the injured employee, James Batiste, petitioned the learned trial court praying for the appointment of an attorney-at-law to represent him in the proposed compromise settlement of a claim against his employer, Hubert Blanchard, and said employer’s insurer, Southern Farm Bureau Casualty Company. Pursuant to said petition, the esteemed trial judge appointed an attorney to represent said employee which appointment was duly accepted as appears from the record. Subsequently the employee, represented by his attorney, joined in a reciprocal petition with his employer and the latter’s' insurer, praying that the court approve compromise settlement of said employee’s claim for the sum of $300.00 cash, payable in a lump sum.
Our able brother below rendered judgment approving the proposed amicable settlement in accordance with the prayer of the joint petition, his said decree also containing the following order:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that *560 the fee of the attorney appointed by the Court, as aforesaid, he fixed at $25.00 and taxed as costs.”
The record contains a receipt and release executed by the claimant indicating payment to him of the amount stipulated in the trial court’s judgment. Nevertheless the employer, Blanchard, and his aforementioned insurer, have appealed that portion of the decree fixing the fee of the attorney appointed by the court and taxing same as costs. Notwithstanding payment to the employee, the appeals herein taken by the employer and insurer are authorized pursuant to LSA-C.C.P. Article 2085 which provides that confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
Appellants maintain the learned trial court erred in fixing the fee of the attorney appointed by the court to advise the claimant at the sum of $25.00 and taxing same as costs. In this regard it is contended the applicable statute LSA-R.S. 23:1272 provides that whereas the court may in such instances fix a “reasonable fee”, when such a fee is taxed as costs it may not exceed the sum of $15.00.
The matter before us appears res nova inasmuch as counsel for appellants has cited no authority in support of appellants’ position and our own research has failed to disclose an applicable precedent from either our own courts or the tribunals of any other jurisdictions.
The law governing appointment of an attorney to represent an employee in the proposed compromise settlement of workmen’s compensation claim, and prescribing the duties incumbent upon such an attorney are contained in LSA-R.S. 23:1272 and LSA-C.C.P. Articles 5092, 5093, 5097 and 5098.
We are herein particularly concerned with LSA-R.S. 23:1272, the pertinent portion of which reads as follows:
“ * * * When the employee or his dependents are not represented by a lawyer the judge shall appoint one to advise them relative to the proposed compromise settlement. A reasonable fee for such services shall be fixed by the court and when taxed as costs, it shall not exceed the sum of fifteen dollars. * * * ”
The wording of the pertinent statute appears clear and free from ambiguity. There appears no doubt the legislature intended that no employee be permitted to compromise a claim for workmen’s compensation benefits without the assistance and advise of legal counsel. By using the words “shall appoint” the legislature obviously meant the requirement of counsel to be mandatory in all such instances. It further appears the legislature intended that attorneys so appointed shall receive a reasonable fee for their services and recognized that in some instances a reasonable fee may exceed $15.00, in which latter event the fee is not to be taxed as costs.
Conceding it may be argued with some degree of logic that a fee of $15.00 is not reasonable in view of the duties imposed by law upon the attorney appointed to advise the claimant; nevertheless, when the pertinent statute was first introduced into our law pursuant to the provisions of Act 96 of 1942, the legislature evidently considered a fee of $15.00 would be adequate in some instances. The legislature also obviously recognized there would be instances wherein a reasonable fee would exceed $15.00 but in such cases it prohibited taxing the fee as costs. The patent aim of the statute is to offer the court the alternative of taxing the fee as costs, in which event the fee cannot exceed $15.00, or fixing a fee in excess of $15.00 in which event the fee may not be taxed as costs.
Having elected to tax the fee as costs, the trial court was limited by the statute to fixing a fee which did not exceed $15.00.
*561 For the reasons hereinabove set forth the judgment of the lower court is amended in that the amount of the fee of the attorney appointed by the court to advise claimant James Batiste is reduced from the sum of $25.00 to the sum of $15.00 and taxed as costs.
Amended and affirmed.