LOTTINGER, Judge.
Presented by this appeal is a single issue of law, to-wit: In a workmen’s compensation settlement, may the Trial Court fix a fee, for the attorney appointed to represent the employee, and tax same as costs, in an amount in excess of that set forth in LSA-R.S. 23:1272?
As shown from the record, on June 9, 1967, David Skiruin petitioned the Trial Court for the appointment of an attorney to advise him as to a proposed compromise settlement of a claim against his employer, United States Plywood Corporation and his employer’s insurer, Liberty Mutual Insurance Company. The attorney appointed by the Trial Court to represent David Skiruin and the employee joined in a petition with the employer and its insurer praying that the Trial Court approve the compromise settlement of the employee’s claim for the lump sum of $7,000.00 cash. The Trial Judge approved the settlement of the $7,000.00 and further decreed:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the fee of Skiruin’s attorney, appointed by- this Court to advise Skiruin, be fixed at $75.-00 and taxed as costs.”
The employee signed a receipt and release as to the $7,000.00 received by him in cash.
From that portion of the judgment fixing the attorney fees at $75.00 and taxing same as costs of Court, and only to that portion, the employer and insurer have appealed.
The appellants contend that the Trial Judge erred in fixing the fees for the Court appointed attorney at $75.00 and taxing same as costs of Court. LSA-R.S. 23:-1272 is relied on by the appellants, which statute in part provides, to-wit:
“ * * * A reasonable fee for such services shall be -fixed by the court and *120 when taxed as costs, it shall not exceed the sum of twenty-five dollars. * *
This particular issue of law has been before this Court once before in In re Batiste, 182 So.2d 559 (La.App. 1st Cir., 1966), under almost identical facts. The only difference between the Batiste case and the case at bar was that in the Batiste case, LSA-R.S. 23:1272 provided for the maximum fee of $15.00. In the Batiste case, we discussed at length the wording of the statute and also the intent of the legislature, and it would serve us no purpose to restate our expressions as therein found. There is no question in our mind, but that when the fees of the Court appointed attorney in a workmen’s compensation compromise settlement are to be taxed as Court costs, the applicable state law is clear and express in that the fee cannot be more than $25.00.
But, the appellants have not only moved that this Court reduce the fee for the Court appointed attorney as set by the Trial Court, but have also moved that this Court exercise its supervisory powers and restrain the Judge a quo from similar conduct in the future.
There is no question but that the Courts of Appeal of this state do have supervisory jurisdiction over inferior Courts, and this supervisory jurisdiction is found in LSA-Const. Article 7, Section 29, which provides in part as follows, to-wit:
“Each court of appeal has supervisory jurisdiction, subject to the general supervisory jurisdiction of the Supreme Court, over all inferior Courts in all cases in which an appeal would lie to the court of appeal. (As amended Acts 1958, No. 561, adopted Nov. 4, 1958).”
As this is the only instance of which we know that the Judge a quo has failed to follow the express written law of this state, we are of the opinion that it would not now be proper for this Court to issue an order restraining the Judge a quo from similar conduct in the future. But, this is not to say that if the Judge a quo would continue to fail to follow the express written law of this state as far as this particular matter is concerned, that this Court would then in its discretion refuse to exercise its supervisory powers.
For the above and foregoing reasons, the judgment of the Trial Court is amended, and as amended, affirmed.
Judgment amended and affirmed.