LANDRY, Judge.
This appeal presents the simple legal issue of whether the fee of a court appointed attorney, representing an injured employee in a compromise settlement of workmen’s compensation claims with the employer’s insurer, may be taxed as costs when the fee awarded exceeds the statutory maximum of $25.00 authorized to be taxed as costs pursuant to LSA-R.S. 23:1272. We amend the judgment of the trial court which taxed as costs such fees of more than $25.-00.
The facts are simple and undisputed. On July 20, 1970, plaintiff Mills, his employer, McDermott Fabricators, Inc., and McDermott’s insurer, The Travelers Insurance Company, jointly petitioned the trial court for approval of a proposed agreement pursuant to which Mills would be paid $1,875.00, Cash, in addition to medical ex *203 penses previously paid, in full compromise of compensation benefits allegedly due for injuries received in an accident which occurred October 6, 1969, in the course of Mills’ employment by McDermott.
As required by LSA-R.S. 23:1272, an attorney at law was appointed to represent Mills and advise him regarding the proposed compromise. The attorney approved the proposal and joined the parties in requesting the court’s sanction of the planned settlement. The trial court then entered judgment authorizing the compromise, fixing the fee of the court appointed attorney at $35.00, and taxing same as costs.
On two prior occasions, this court has held that the fee of the attorney appointed pursuant to LSA-R.S. 23:1272 may not be fixed in excess of the statute’s limits if it is taxed as costs.
LSA-R.S. 23:1272, as amended by Act 394 of 1966, in pertinent part reads as follows :
“A reasonable fee for such services shall be fixed by the court and when taxed as costs, it shall not exceed the sum of twenty-five dollars.”
On two prior occasions this court has expressly held that the fee of an attorney appointed pursuant to subj ect statute may not exceed the statutory limit when it is taxed as costs. In the case of In Re Batiste, La.App., 182 So.2d 559, when the statutory limit was $15.00, we held that the attorney’s fee in instances of this nature could not be fixed at more than the sum provided in the statute if it was fixed as costs. In Re Skiruin, La.App., 211 So.2d 119, also decided by this court, followed Batiste, above, and held that a fee in excess of the present statutory limit of $25.00 was not properly taxable as costs.
We deem it unnecessary to repeat the reasons stated in our former decrees.
It is ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby amended to reduce the fee of the court appointed attorney to represent Ruben Mills from the sum of $35.00 to $25.-00, and in such reduced' amount taxed as costs.
Amended and rendered.