SARTAIN, Judge.
This appeal concerns the fee of an attorney appointed by the court to advise the plaintiff in a workmen’s compensation settlement. The defendants are Mr. Esteve’s employer and its workmen’s compensation insurer. L.R.S. 23:1272, relative to court appointed attorneys for such purposes, provides in part as follows:
“ . . . A reasonable fee for such services shall be fixed by the court and when taxed as costs, it shall not exceed the sum of twenty-five dollars.
A portion of the judgment of June 7, 1971, approving the compromise settlement reads as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the fee of the attorney at law appointed by the Court to represent the said employee in these proceedings, be and the same is hereby fixed at the sum of $35.00.
“IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED that The Travelers Insurance Company pay all costs of these proceedings.”
In addition, on June 17, 1971, a further order was signed by the court fixing the attorney’s fee at the sum of $35.00, “which sum is to be paid by THE TRAVELERS INSURANCE COMPANY, workmen’s compensation insurance carrier of J. RAY McDERMOTT & CO., INC.”
The Travelers Insurance Company has appealed contending that, although neither the judgment of June 7 nor the order of June 17 specifies that the attorney’s fee is “taxed as costs”, it was clearly the trial judge’s intention and order that The Travelers should pay the fee, that it can be viewed in no other way than as costs and that the liability of The Travelers therefor is limited by the statutory maximum of $25.00. Appellant prays that the portion of the fee for which it is liable be reduced to $25.00.
We agree that, from the standpoint of the workmen’s compensation insurer, liability for the fee of a court appointed attorney under L.R.S. 23:1272, must be based on the ground that it is a cost of court, even though the trial judge has not described it as such, and an order requiring the insurer to pay more than the statutory maximum is invalid. See In re Batiste, 182 So.2d 559 (1st La.App.1966); In re Skiruin, 211 So.2d 119 (1st La.App.1968); Mills v. McDermott Fabricators, Inc., 247 So.2d 202 (1st La.App.1971).
Accordingly, the relief prayed for by appellant is granted and the judgment of June 7, 1971, and the order of June 17, 1971, by the trial court are amended to limit the liability of The Travelers Insurance Company for the fee of plaintiff’s *647 court appointed attorney, Rene H. Himel, in this matter to Twenty-five ($25.00) Dollars. The costs of this appeal are to be borne by appellee.
Amended and rendered.