STOULIG, Judge.
This appeal involves that part of a judgment rendered in a compromise settlement of a workmen’s compensation claim, more specifically, the trial court’s action of taxing as costs to the defendants — the employer and the compensation insurer' — a $50[1] fee for the attorney appointed by the court to advise the unrepresented claimant about the proposed settlement. Defendants urge as their only specification of error the granting of an attorney’s fee in excess of $35, the maximum authorized by LSA-R.S. 23:1272.
The pertinent part of this statute determinative of the issue before us provides:
“ * * * A reasonable fee for such services shall be fixed by the court and when taxed as costs, it shall not exceed the sum of thirty-five dollars. The judge shall require such proof of the dispute between the parties and of the other facts set out in the joint petition as he thinks proper.”
The language of the statute is very explicit. When the fee of the court-appointed attorney is taxed as costs, the trial judge has the discretion to fix the amount of the *197 fee, subject to the statutory limitation that it cannot exceed $35. The court has no authority to set a fee in excess of $35 and tax the amount in excess thereof as costs. The statutory limitation permits no exception when the fee is taxed as a cost. See Esteve v. McDermott Shipyards, 258 So.2d 645 (La.App. 1st Cir. 1972), writ denied, 261 La. 529, 260 So.2d 317 (1972); Mills v. McDermott Fabricators, Inc., 247 So.2d 202 (La.App. 1st Cir. 1971); In re Batiste, 182 So.2d 559 (La.App. 1st Cir. 1966).
For the reasons assigned, the judgment appealed from is amended to reduce the fee of plaintiff’s attorney from $50 to. $35. In all other respects the judgment is affirmed. Appellant is to pay all costs of this appeal.
Amended and affirmed.

. To avoid being held in contempt, the defendants tendered payment, under protest, of this fee to the clerk of court with the express reservation of all rights.