SAMUEL, Judge.
This is a workmen’s compensation settlement and compromise presented on the joint petition of the employee, the employer, and the latter’s compensation insurer under the provisions of R.S. 23:1271 et seq. As the employee was not represented by counsel, the trial court appointed an attorney to advise her. In due course the compromise was approved and judgment rendered accordingly. The judgment also fixed the fee of the appointed attorney at $50 and taxed the same as costs.
The employer and its insurer have appealed only from that portion of the judgment which fixes the fee of the appointed attorney and taxes the same as costs. They contend the $50 fee is in excess of the maximum amount allowed by statute.
Revised Statute 23:1272 is determinative of the issue. In pertinent part that statute reads:
“When the employee or his dependents are not represented by a lawyer . the judge shall appoint one to advise them relative to the proposed compromise settlement. A reasonable fee for such services shall be fixed by the court and when taxed as costs, it shall not exceed the sum of thirty-five dollars.” LSA-R.S. 23:1272. (Emphasis ours).
As the statute is clear and free from all ambiguity, the courts must follow its explicit provision that when the fee of the court appointed attorney is taxed as costs the amount of that fee shall not exceed the sum of $35.[1] As shown by the jurisprudence,[2] the trial court was without authority to tax as costs a fee in excess of $35 and we must reduce the fee to that amount.
*380 For the reasons assigned, the judgment appealed from is amended only to the extent of reducing the fee of the court appointed attorney from $50 to $35; costs of this appeal to be paid by the appellants.
Amended.

. LSA-C.C. Art. 13.

. In Re Vicknair, La.App., 293 So.2d 196; Esteve v. McDermott Shipyards, La.App., 258 So.2d 645; Mills v. McDermott Fabricators, Inc., La.App., 247 So.2d 202; In Re Skiruin, La.App., 211 So.2d 119; In Re Batiste, La.App., 182 So.2d 559.